on behalf of Marilyn Summers, the petitioner, here. And may I reserve two minutes as well? Sure. In Pennsylvania v. Finley, the Supreme Court described post-conviction relief as a proceeding that is not part of the criminal proceeding itself and is often civil in nature. In that decision and subsequent decisions by the Supreme Court that are cited in the opening brief, the terms post-conviction relief, state habeas corpus, and collateral proceedings or collateral review are used interchangeably. And Congress was no doubt mindful of this when they adopted the Antiterrorism and Effective Death Penalty Act. And I think that that description gives us a working definition of what is meant by collateral review. And the ---- But that isn't the more relevant term. What's direct review? Well, yes. I agree. And I think direct review is we sort of get that by carving away what is collateral review. A direct review would be a review that arises out of the original proceeding itself. So, for example, a direct appeal from the proceeding would be considered direct review. A Rule 32 proceeding, which is part of the original proceeding, would also be considered direct review because it arises out of that. But that kind of begs the question. That's what we're here to decide. Well, I ---- Just saying it's so doesn't necessarily mean it's so. The difficulty I have with this is I think that the Ninth Circuit in Isley suggested, if not held, that Rule 32 is a post-conviction, not direct appeal, by the way it analyzed the running of the statute in that case. What the Isley decision did was it started off with the unchallenged assumption that this was a post ---- that this was a collateral proceeding. There was nothing ---- that was not an issue that was raised, and it may well have been outside of the scope of the certificate of appeal. But nevertheless, we have that language. What do we do with it? Ignore it, in your view? No. I think what we should do is, first of all, understand that that was not at issue. That's not a holding in the Isley case. That is simply a ---- an assumption that was made at the time. And we have to remember that Mr. Isley was representing himself. He did not have the benefit of counsel, and he was working out of a prison law library. And I ---- I believe that under these circumstances, the Isley decision, what the Isley decision holds, pertains more to questions arising out of when a Rule 32 proceeding is pending. And so as to those cases, as to those kinds of issues, because the Supreme Court has also described it as collateral itself, I have tried to think of a situation under which that can be the case. But I think we have to go back to the analysis used by the U.S. Supreme Court and say, is this part of the original proceeding, or is it something that comes from a collateral proceeding, another proceeding that challenges the original proceeding? And that, I think, is the question. I have to say I'm troubled by the same question that troubles Judge Rollinson. That is to say, the Isley case says the statute of limitations was undeniably running for the 77-day period after his conviction became final and before he filed his notice of post-conviction relief, which is the same statute under which we're working today. And you've answered, well, that was apparently not challenged. And in any event, Mr. Isley was pro se, and so maybe we should treat this as dictum. And we've got an ongoing sort of line-drawing question in this circuit as to what dictum is binding on subsequent panels and what is not. But this one's clearly an assumption that feeds into the analysis. I might suggest two cases decided post-Isley that give us a different cut than the court had. One of them is the Arizona Supreme Court's case, the Arizona Court of Appeals case in Ward, where it applies Blakely and says, well, this is direct review as far as we're concerned in the sense of retroactive application. And the second one is the United States Supreme Court's decision in an Illinois case, excuse me for a second, excuse me, Michigan case, Halbert v. Michigan, where they've got an equivalent procedure in Michigan, where the court says, whether formally categorized as a decision of an appeal or the disposal of a leave application, the court of appeals, this is the state court of appeals, ruling on a pre-convicted, which is what we've got here, defendant's claim provide the first and likely the only direct review the defendant's conviction and sentence will receive. Now, the court was there not applying AEDPA, but the Supreme Court does use the term of AEDPA direct review. So if all I had was Isley, I'd be inclined to say we're stuck with it, dictum or not. But I've got two later cases, one of them a state court case and one of them a Supreme Court case, that suggests that maybe there's enough change of the law in light of or enough reason to reevaluate in light of those two cases. Well, I would agree with the Court, except as to the point about Isley. I think that the analysis employed in Isley is correct. I think that the underlying assumption that a Rule 32 proceeding in that case is a collateral proceeding, I believe, is wrong. I think when we're talking about collateral review, we're talking about a review of a judgment in one case by virtue of an independent action that is not part of that original case. Well, see, I'm not sure I disagree with you on that point. I'm just trying to get out from under Isley so that I can look at it anew. Well, I think that we get out from under Isley is to say that that was not the issue in Isley, was not whether it was collateral review or not. That seems to have been something that was not before them on the Certificate of Appealability. Well, it was assumed. Go ahead. I'm sorry. How can one understand the holding that Isley wasn't time-barred, unless one understands the framework to reach that conclusion? Well, I think that the analysis employed about time-barring is probably correct. I think that the fundamental assumption is itself wrong, and that it was simply because the error of the matter had been brought to the court of appeals in an incomplete way. So, counsel, are you willing to live or die by our characterization of Isley as dictum or not? Well, actually, what I'm suggesting is that it is dictum, but I'm also suggesting that this ---- We disagree with you on that. Do you lose? No, I don't think so, because we do have these subsequent cases that suggest that there has been a change in the law, but also I think that at some point the analysis has to be made under the Finley and those other cases, Murray and the rest, about whether this is, in fact, collateral in the first place. And since that was never presented to the Isley court, I think this is the time to do it. So I guess I ---- in a very long-winded way, I guess I am saying that it's dictum, and I think that the ---- that ---- but I don't think that we necessarily die on it because of these subsequent decisions. But ---- and also the Arizona characterization of this as collateral is also up in the air. And ---- Well, in light of Ward, I'm not sure it is up in the air. That is to say, they apply the Blakeley decision retroactively. As I understand that Ward decision, based on the assumption that this is the equivalent of direct review, and therefore it has retroactive application, whereas the ordinary rule for Blakeley is it has no application on collateral review. That's right. But I say it's up in the air. It's because the Arizona supreme court has not yet passed on it, although they suggested ---- Is Ward ---- and I should know this, but I don't. Is Ward being reviewed by the Arizona supreme court at this time? I don't know. I cannot help you with that, Your Honor. We can figure that out. Okay. But in any event, it seems to me that if we're going to adopt a uniform nationwide standard for determining what is direct and what is collateral review, all of us, all of the circuits should be referring back to the U.S. supreme court precedents, and that's what I'm asking this Court to do. Okay. You've saved some time. Yes. Oh, what do I have? Thank you. Good morning. My name is Sherry Rolison, and I'm representing the State of Arizona. First of all, I think we have to get back to the statute itself. We have to read 2244d1 in conjunction with 2244d2, because there you have the statute and here you have two different concepts. One is that the statute starts running at the end of direct review, at the conclusion of direct review. That's when the statute starts running. And then you have that the period where it's told is during the pendency of any State post-conviction or other collateral review. I think that's very important to note. And also I'd like to point out that even in when Congress enacted this, originally the Violent Crime Control Law Enforcement Improvement Act of 1995, introduced by Senator Dole, initially had that the time period, the D1, would start running at the conclusion of all of the exhaustion of State post-conviction. And they changed that. And the reason they changed that, as obvious, is that they're trying to reduce delay. The whole point of this statute is to reduce delay. That's why we're going to do it. Roberts. Let me ask you this, and I don't know. Sometimes I think I know the answer here. I don't even think I know the answer. What happens if someone pleads guilty in Arizona, doesn't take one of these Rule 32 post-conviction review routes, and doesn't, therefore, raise under Rule 32 an argument that the conviction was in some sense unconstitutional? The person then files habeas in Arizona. Can the person make that habeas argument in Arizona not having made it in a Rule 32 proceeding? Well, Your Honor, it's the same as if a person – first of all, you have to look at the context. To answer that, I have to say they have waived their right to direct review. Now – No. Can you just answer the question? But I am. And they have the same right as the person who goes to trial to waive the same constitutional issue. Rule 32 is the same for the person who goes to trial as it is for the person who – Yeah. But you're not answering my question. Let's assume the person has pled guilty. And instead of taking a Rule 32 review proceeding in which there's a certain restricted list of questions that can be raised, on the list of questions that can be raised is unconstitutionality. But they don't do a Rule 32 proceeding. Instead, they seek habeas in State court. Can they argue unconstitutionality on the habeas proceeding not having made it in a Rule 32 proceeding? Because in Arizona, if they do a State habeas proceeding, it's treated as a Rule 32 proceeding. So there's no – there's no foreclosure. I didn't raise it in Rule 32 within the 90 days and so on for not having made it. You can make it in either – you can make it under either proceeding? Yes. But a State habeas, it's my understanding, is treated as under – I believe it's under Rule 32.3, is treated as a Rule 32. Do you have a case that tells me this? No. I think the statute tells you that, that it says under – and I don't have it before me – under Rule 32.3 that if it's raised as a State habeas, I guess, depending on the issue, if it's cognizable under that, then then it's treated as a State habeas, and it's treated as a Rule 32 anyway. But what's the time limit on a State habeas? The Rule 32 proceeding is 90 days. Right. And I do not know. I'm worrying about the guy who comes in after 120 days seeking to raise a constitutional question. Okay. Can he do that? The point is – No. Can he do that? I don't know. I see. I'm actually, just to say, I've been in Arizona about three months, so I do not know. I haven't had that. Okay. But I do know something else. I don't know is a fair answer. Okay. The – because of the uniformity that Congress intended, I don't think they intended Arizona to have a rule carved out just for Arizona and Florida, just for Florida. For instance, in Florida, you can have post-conviction proceedings for up to two years after sentencing. So therefore, do you – the person who goes to trial gets up to 30 days. And so you're kind of actually giving a windfall to the person who pleads and gives up their direct appeal rights. Now, all of a sudden, they get 90 days to seek collateral review, if you're going to term it as direct review. And in Florida, they'd have two years. But that's a creature of the vagaries among state legislatures. And we have to – we have no choice but to – Yeah. But we have no choice but to look at the state legislative scheme when we're determining whether or not there's direct review or collateral review. We can't do it in a vacuum. Well, exactly. But Congress, it has to be presumed, was also aware of those disparities. And the best way, as I was pointing out, when they did away with that, the language proposed by Senator Dole in this – the enacted habeas act, they made it so that a person has a duty kind of to seek exhaustion of their state remedies and not delay it for up to the last minute. That doesn't help us in determining the difference between collateral review and direct review. Okay. That doesn't help us make that distinction. Well, in Eiseley, again, as you said, the court said – they used the word undeniable. That in Arizona, the sentence where there is a plea becomes final at the point that you have your plea and your sentence. When that person is sentenced, the judgment is entered, and that's when it becomes final. Everything after that is collateral, in your view. Yes. At the criminal proceedings, and after that, it's – It's just because of the waiver. And the waiver is on the record, it's in writing, that you have a waiver. And basically, what you – if you don't view that as that's when the sentence is final, then you're negating Arizona law. Well, no, you're not. I mean, it's not final. That is to say, you waive, subject to your right within 90 days, to bring your Rule 32 proceeding. Well, you can bring a Rule 32 proceeding. But if – basically, that is collateral review. And that's – Well, I mean, that's what you say, but you can also, I assume, file – and I guess I'm going to have to look this up, because you're not sure. I assume that once you're finished with your Rule 32 proceeding that you brought within 90 days, if you lose it, you can file habeas in Arizona as well, correct? Well, I don't know. I think that it might be a successive petition, depending on the issues. You say it might be? Right. You don't know? I don't know. I guess I've got to figure that out, too. In terms of how habeas is treated. But I do know that under Rule 32.3, if you bring a habeas, it's treated as a Rule 32. Like, if you were going to say, maybe, ineffective assistance of appellate counsel, then you have – well, you can't in that case, obviously. Yeah. Now, one of the things that we know in other settings – and I don't know – as you can tell, I know some things about Arizona law, but not as much as I'd like to know at this point. One of the problems that's just chronic in ineffective assistance of counsel is that you often don't know your factual bases for an ineffective assistance of counsel claim until quite some time after the conviction has become final. And you may or may not be aware of our Hoffman case out of Idaho several years ago, in which we invalidated an Idaho rule that required a very quick assertion of ineffective assistance of counsel because the likelihood that you're going to have the same counsel asserting his own ineffectiveness was so great. Now, that's not quite on point here, but as I'm looking at the 90-day provision, you have to bring your Rule 32 thing within 90 days, and you can bring ineffective assistance of counsel. I think it would be unreasonable to require someone to raise it then and never be able to raise it on a later habeas. My guess is that Arizona would allow ineffective assistance of counsel to be asserted outside of a 90-day period. I'd be astounded, in fact, if they required an ineffective assistance of counsel claim to be brought within 90 days. Well, by the same token, I know that Arizona does allow for private, like a separate counsel to review, even in plea cases, and to not necessarily represent the person through an evidentiary hearing at this time. They'd have to be reappointed, but to review for ineffective assistance of counsel. So they can have someone, they can seek another attorney to review for ineffective assistance of counsel. Counsel, what's your response to Judge Fletcher's observation regarding the recent Arizona Court of Appeals case seeming to hold that Rule 32 proceedings are direct appeal proceedings? Well, because, again, by right, they're not, that Congress didn't — it's Congress that wrote this particular — But if the Arizona Court of Appeals says otherwise, how do you get around that? Well, I think you have to look at the context of what they're saying. You have to look at the context of what is this for, what is the context. Just like you're saying, you have to look at the context of Isley, and you also have to look at the narrow context of Ward. What's the context in that case that tempers that holding? Well, it's not a habeas case. It's not in response to Rule 2244d1 and d2. There, we're trying to interpret not what Arizona means. We're trying to interpret what Congress meant. And Congress is trying to seek uniformity. They are trying to seek the fact that they're inducing people to exhaust their claims, timely exhaust their claims. I mean, you're looking at that one point before 1996, they could bring their claims in perpetuity, and now they have one year. So you have to look. Congress really intended to limit the scope. They intended timeliness, and if you leave somebody two years or 90 days or whatever it may be, and if they left that open, they didn't leave it open on purpose, and that's what I tried to point out with Senator Dole's suggestion. I understand your argument. Okay. The other point, I'd like to make one point about the other point. Okay. You're over, but let's hear your point. We will not cut you off. The point is that all this is actually moot, because even without the 80 days, he extended he's still 408 days. Why is that? Because he, and this Isley did address, or she, I'm sorry, Marilyn Summers, filed her Federal petition on December 13th, 2003. However, the Arizona Supreme Court issued its summary denial 408 days before that on October 31st, 2002. When did the go ahead with the 90 days? But don't you add on time for appeal to the Supreme Court to that? No, and that's exactly what Whiting said. If your Whiting case specifically dealt with this issue, and Whiting says no, you don't add on the 90 days, and Whiting says it begins to run not at the mandate, but at the decision. But at the decision, you get 90 days to petition for cert. And if you take the decision date, which was October 31st, and add 90 days to the year, she's golden. She's way over. You don't have 90 days from the date of the summary denial of post-conviction relief. Are you saying that the time that you have to petition for cert does not count? Whiting said that. Whiting says that? Whiting sure says that. And that's the Ninth Circuit, and it says that's specifically what Whiting was about. Whiting was about when does it start to run, and if you get the 90 days after post-conviction. What's that citation? I have it right here. Did you cite that in your brief? Pardon me? Did you cite that in your brief? Yes, it is. It's not my specific brief, but in the Arizona brief, yes, it is. Yeah, in the Arizona brief. Yes. And it's Ninth Circuit, 281F3D920. And what year is that case? February 20th, 2002. And in that case, this Court was very specific about the differences between direct appeal and post-conviction relief. Okay. Thank you. We'll make sure to pay close attention to that. As you can tell, we've got a little issue on that one, and I have not read Whiting, but I certainly will. Thank you very much. Thank you. I would like to take my reserved time to answer the questions posed by Judge Rawlinson and by Chief Judge Fletcher. I wish I were Chief. I'm sorry. I shouldn't say that. I am not a Chief Judge, and I'm really glad I'm not Chief Judge. I'm merely the presiding judge. But in any event, yeah, you're probably lucky. Because I have been doing Rule 32s for over 20 years, I can answer your questions, Judge Fletcher. What happens is, if under a pleading defendant right now, if they do not take a petition for post-conviction relief under Rule 32 within 90 days, then that direct review is foreclosed. If, for example, they discover facts later on, such as ineffective assistance of counsel, the procedure is not to file a habeas petition, because the habeas petition would be treated as a Rule 32 and as a successor Rule 32. Instead, you would simply file a Rule 32, and it would be treated as a successor Rule 32. They now have more gateways that you have to move through. You have to prove, for example, that the information was not available, you could not have discovered it using reasonable diligence, that when you did discover it, you filed the application within a reasonable amount of time, and those sorts of things. And those successor petitions are very difficult, but that's the procedure that we would employ. There is no time limit on filing a State habeas, and that is one of the reasons why, as collateral review, I think Congress wanted to rope it in and corral it with the anti-terrorism and effective death penalty act by saying, when you're undertaking these collateral reviews, sort of like the habeas out of California, where they have this rather indeterminate time limit on it, that we really want to rein them in pretty tightly. Like a direct appeal, a Rule 32 proceeding must be filed within a certain time limit, and I suspect that the longer time limit is because the Rule  Roberts, your response, Judge Rawlinson, Clay v. United States, which is cited by both parties, and it's at 537 U.S. 522, and that's a 2003 case, the holding of that case is that you add 90 days on a direct review matter because it is not concluded until the opportunity — it does not become final until the opportunity to submit a petition for writ of certiorari has expired, and that is the holding of Clay. Okay. Thank you very much. Thank you, both sides, for your argument. The case of Summers v. Schreiro — I hope I'm pronouncing that correctly — is now submitted for decision.
judges: W. Fletcher, Rawlinson, Selna